1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    DESHA M. CARTER,                           CASE NO. 1:07-cv-01736-AWI-SMS PC

10                        Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING DISMISSAL OF CERTAIN
11          v.                                   CLAIMS AND DEFENDANTS

12    C. MUNOZ, et al.,                          (Docs. 1 and 14)

13                        Defendants.
                                              /
14

15          **Findings and Recommendations Following Screening of Complaint**

16    **I.    Procedural History**

17          Plaintiff Desha M. Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma

18    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19    November 30, 2007.  On August 11, 2008, the Court issued an order finding that Plaintiff's

20    complaint states an Eighth Amendment claim against Defendants Munoz, Paz, Parra, and Silva

21    arising from the conditions Plaintiff was subjected to in the management cell, a due process claim

22    against Defendant Munoz for placement in the management cell, and a First Amendment claim

23    against Defendant Munoz for retaliation.  However, the Court found that Plaintiff's complaint does

24    not state any cognizable claims for denial of due process with respect to the voided Rules Violation

25    Report or for denial of equal protection, and does not state a claim for violation of the Eighth

26    Amendment arising out of denial of outdoor exercise.

27          Plaintiff was ordered to either file an amended complaint curing the deficiencies identified

28    by the Court in its order or notify the Court that he is willing to proceed only on the claims found

1

to be cognizable.  On August 25, 2008, Plaintiff filed a notice stating his willingness to proceed on the claims found to be cognizable by the Court in its order.  Accordingly, based on Plaintiff's notice, this Findings and Recommendations now issues.

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.   Plaintiff's Claims

The events at issue in this action allegedly occurred at California State Prison-Corcoran. Plaintiff alleges claims for violation of his rights under the United States Constitution arising out of events surrounding his placement and retention in a management cell in December of 2006.

On December 1, 2006, Defendant Munoz sought Plaintiff's agreement to take a cellmate and threatened Plaintiff with placement on management cell status if he refused.  Plaintiff refused to

"conform," and on December 2, 2006, Defendant Munoz had Plaintiff removed from his cell and placed in a holding cage next to another holding cage in which there was another inmate. (Doc. 1, Comp., court record pg. 9, ln. 18.) Defendant Munoz told Plaintiff to see if he was compatible with the other inmate, at which time Plaintiff handed him an inmate appeal grieving the threat to place him on management cell status made the previous day. Defendant Munoz was angered and pressed Plaintiff about taking the other inmate as a cellmate. Plaintiff stated he would not refuse a cellmate, but would not sign a compatibility form, given that signing the form would absolve staff of responsibility if there were problems between the two inmates. Defendant Munoz told Plaintiff he was going on management cell status, and said that Plaintiff was not the only one who could file paperwork and Plaintiff would see what his inmate appeal meant to Defendant.

Plaintiff alleges that Defendant Munoz asked inmate Perez, who was in cell 117, if he wanted a warmer cell because Defendant needed cell 117 for "a knucklehead." (Id., c.r. pg. 10, ln. 20.) Plaintiff alleges that Defendant and inmate Perez are of Mexican descent, and he is not. Defendant Munoz then told Defendant Paz to remove the mattress from cell 117 and prepare an "asshole mattress," which Plaintiff describes as "a slab of cotton with a gauze like covering." (Id., pg. 10, ln. 25 & pg. 11, lns. 13-14.)

Plaintiff alleges that Defendant Munoz had him placed in a management cell, described as a "freezer cell," which was nearest to the backdoor and subject to draft from the wind, without linens or clothing, and with an "asshole mattress." (Id., pg. 11, lns. 10-14.) Plaintiff alleges that Defendant Munoz was advised by Defendant Paz that cells 113 through 117 could be used during the winter months as severe punishment against inmates because of the exposure to freezing temperatures. The outside door was allegedly left open for sixteen hours a day. (Id., pg. 16, lns. 13-15.)

Plaintiff alleges that he was placed in the management cell in retaliation for the grievance he filed, and that Defendant Munoz failed to follow proper procedure in placing him in the management cell because he failed to issue a Rules Violation Report ("RVR") and allow a hearing officer to make findings. Plaintiff alleges that Defendant issued an RVR eleven days later, only after learning Plaintiff had filed an additional grievance.

///

After Plaintiff was held for ten days in the management cell, Defendant Paz allegedly refused to allow Plaintiff any outdoor exercise for thirty days.  Defendant Paz told Plaintiff that he was not permitted yard time on the instruction of Defendant Munoz.

On December 14, 2006, Plaintiff appeared for a hearing on his 114-D lock-up order.[1]  While Plaintiff was at the hearing, Defendant Munoz authorized the removal of his mattress by Defendant Paz, which left nothing for Plaintiff to sleep on except cold steel.  Plaintiff alleges that he suffered back pain, an increase in migraine headaches, and stiffness in his neck, and caught a serious cold which required medical treatment.  On December 25, 2006, Plaintiff asked Defendants Parra and Silva for a mattress, but both refused.  Defendant Parra stated that the denial was authorized by Defendant Munoz because Plaintiff refused to sign a trust account withdrawal slip.

On January 31, 2007, Plaintiff received the final copy and disposition of the RVR previously issued by Defendant Munoz.  The RVR was signed off on by Defendant Roberson, who falsely documented that Plaintiff appeared at the hearing, made statements, did not request witnesses, and pled not guilty.  Plaintiff filed a grievance against Defendant Roberson, who admitted to Plaintiff that he violated Plaintiff's rights by not having him present at the hearing, by denying Plaintiff the witnesses he requested, by falsifying statements, and by falsely stating he advised Plaintiff of his appeal rights.  Plaintiff alleges Defendant Roberson agreed to provide him with a radio if he withdrew his grievance and had the RVR voided, although he backdated the void date to January 31, 2007.

## A.    Eighth Amendment Claims

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

---

[1] An order authorizing placement in administrative segregation.

Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995 (1992).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  <u>Id.</u> at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  <u>Id.</u> (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  <u>Farmer</u>, 511 U.S. at 837.

### 1. Condition of Management Cell

Plaintiff's allegations concerning the harsh conditions of the management cell are sufficient to support a claim under section 1983 against Defendants Munoz, who was responsible for Plaintiff's placement and retention in the management cell. Fed. R. Civ. P. 8(a); <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007); <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1157-58 (9th Cir. 2008).  Plaintiff's allegations are also sufficient to state a claim against Defendants Paz, Parra, and Silva for depriving Plaintiff of a mattress, which caused him to have no protection from the steel bunk in a cold cell during the winter. <u>Id.</u>

### 2. Denial of Outdoor Exercise for Thirty Days

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'"  <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979)).  Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment."  <u>Allen</u>, 48 F.3d at 1087.  However, Plaintiff 's

1  allegations do not support a claim that the temporary denial of outdoor exercise for thirty days

2  constituted a substantial deprivation.   May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

3  Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Paz for denial

4  of outdoor exercise.

5  **B.   Retaliation Claims**

6  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

7  the government may support a section 1983 claim.   Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

8  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

9  F.3d 802, 807 (9th Cir. 1995).   "Within the prison context, a viable claim of First Amendment

10  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

11  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

12  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

13  a legitimate correctional goal."   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

14  An allegation of retaliation against a prisoner's First Amendment right to file a prison

15  grievance supports claim under section 1983.   Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

16  Plaintiff's allegations that Defendant Munoz placed him on management cell status in retaliation

17  for filing a grievance, and issued an RVR against him for filing a second grievance give rise to

18  cognizable claims for relief under section 1983 for retaliation.   Fed. R. Civ. P. 8(a); Erickson, 127

19  S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58.

20  **C.   Due Process Claims**

21  The Due Process Clause protects against the deprivation of liberty without due process of

22  law.   Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).   In order to invoke the

23  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

24  for which the protection is sought.   Id.   Liberty interests may arise from the Due Process Clause itself

25  or from state law.   Id.   The Due Process Clause itself does not confer on inmates a liberty interest

26  in avoiding "more adverse conditions of confinement."   Id.   Under state law, the existence of a

27  liberty interest created by prison regulations is determined by focusing on the nature of the

28  deprivation.   Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).   Liberty interests

created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff alleges due process claims against Defendant Munoz arising out of placement on management cell status, and against Defendant Roberson arising out of the hearing and adjudication on the RVR issued by Defendant Munoz.  In order to proceed on a federal due process claim, Plaintiff must first identify the existence of a protected liberty interest.  Absent the existence of a liberty interest, there is no entitlement to the procedural protections due under federal law.

Given the harsh conditions of management cell status, the Court cannot find at the pleading stage that Plaintiff did not have a protected liberty interest in remaining free from placement in the management cell. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200; Alvarez, 518 F.3d at 1157-58. Federal law requires notice and an opportunity to be heard, Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), and some evidentiary basis for the deprivation, Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985).  Because Plaintiff alleges that no process was provided, he states a claim for denial of due process. Fed. R. Civ. P. 8(a); Erickson at 2200; Alvarez at 1157-58.

However, Plaintiff has not identified a liberty interest at stake with respect to adjudicated but later voided RVR.  If a protected liberty interest had been identified, the failure to allow Plaintiff the opportunity to be heard at a disciplinary hearing would be sufficient to give rise to a claim for denial of procedural due process.  However, absent the identification of a protected liberty interest, Plaintiff's procedural due process claim against Defendant Roberson fails.[2]

///

///

_____

[2] "The concept of *substantive* due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted) (emphasis added).  To establish a claim, a plaintiff "must, as a threshold matter, show a government deprivation of life, liberty, or property." Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting Nunez at 871).  "The Due Process Clause takes effect only if there is a *deprivation* of a protected interest." Nunez at 874 (emphasis in original).  Therefore, to the extent that Plaintiff's complaint can be read to implicative the substantive component of the Due Process Clause in addition to the procedural component, the claim still fails as a result of the lack of identification of any protected interest.

### D. <u>Equal Protection Claims</u>

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

In the alternative to discrimination based on race or some other suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir.2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). This requires a showing that (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there was no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.

Plaintiff's allegations do not give rise to any claims for relief for violation of the Equal Protection Clause. Defendant Munoz relieved a Hispanic inmate from management cell status so that Plaintiff, described as a knucklehead by Defendant, could be placed in that cell. There is no indication that Defendant discriminated against Plaintiff on the basis of his race or for any other reason. While Plaintiff's allegations support the claim that Defendant was retaliating against him, they do not support a claim for discrimination. Further, there is no suggestion that in refusing to provide Plaintiff with a mattress, Defendants Parra and Silva were acting to intentionally discriminate against him. Rather, Plaintiff's allegations indicate that they refused to provide him

with a mattress upon instruction by Defendant Munoz because Plaintiff refused to sign a trust account withdrawal slip.  For these reasons, Plaintiff's complaint does not state any claims for denial of equal protection.

**IV.    Conclusion and Recommendation**

The Court finds that Plaintiff's complaint states claims against Defendants Munoz, Paz, Parra, and Silva for violation of the Eighth Amendment arising from the conditions Plaintiff was subjected to in the management cell, against Defendant Munoz for violation of the Due Process Clause arising from Plaintiff's placement in the management cell, and against Defendant Munoz for retaliation in violation of the First Amendment.  The Court finds that Plaintiff's Eighth Amendment claim for denial of outdoor exercise, Plaintiff's due process claim against Defendant Roberson arising out of the voided RVR, and Plaintiff's equal protection claims are not cognizable.  Plaintiff was provided with the opportunity to either file an amended complaint or proceed only on his cognizable claims.  Plaintiff opted to proceed on his cognizable claims and therefore, it is HEREBY RECOMMENDED that:

1.    This action proceed on Plaintiff's complaint, filed November 30, 2007, against Defendants Munoz, Paz, Parra, and Silva for violation of the Eighth Amendment arising from the conditions Plaintiff was subjected to in the management cell, against Defendant Munoz for denial of due process arising out of placement in the management cell, and against Defendant Munoz for violation of the First Amendment for retaliation; and

2.    Plaintiff's Eighth Amendment claim arising out of denial of outdoor exercise, Plaintiff's due process claim against Defendant Roberson, and Plaintiff's equal protection claims be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

3  1153 (9th Cir. 1991).

4

5  IT IS SO ORDERED.

6  **Dated:   August 27, 2008**                    _____/s/ Sandra M. Snyder_____
                                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28