# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DESHA M. CARTER,

            Plaintiff,

  v.

C. MUNOZ, et al.,

            Defendants.

_____/

CASE NO. 1:07-cv-01736-SMS PC

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

(Doc. 40)

      Plaintiff Desha M. Carter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 30, 2007.  On November 2, 2009, Plaintiff filed a motion to compel Defendants to produce photographs of the E-1 Ad Seg Unit and facilitate his ability to depose ten inmate witnesses by written questions.  Defendants filed an opposition on November 18, 2009.

      Plaintiff did not provide the Court with a copy of the discovery requests or Defendants' responses, so the Court is limited to the bare motion before it and Defendants' opposition. Defendants represent that Plaintiff requested photographs on May 14, 2009, and they responded that they do not have any such photographs.  Defendants note that it is not clear whether Plaintiff believes they have the photographs and are not producing them, or whether he believes they are required to take the photographs and then produce them.  Defendants state that the photographs do not exist to their knowledge and that they are not obligated to create the photographs for Plaintiff.

      Defendants are correct.  Defendants informed Plaintiff that they do not have possession of the photographs he seeks.  Plaintiff is required to accept that response, absent the submission of

1

evidence showing the response to be untruthful, which has not occurred.  Further, Defendants are under no obligation to take photographs for Plaintiff or otherwise create evidence for him. Therefore, Plaintiff's motion to compel the photographs is denied.

Plaintiff also wishes to depose ten inmate witnesses and seeks an order requiring Defendants to assist him or otherwise facilitate the depositions.  Defendants do not have a duty to facilitate the depositions of Plaintiff's witnesses for Plaintiff.

A deposition by written questions must be conducted in compliance with Rule 31 of the Federal Rule of Civil Procedure.  Depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses.  Leave of court must be obtained, Fed. R. Civ. P. 31(a)(2)(B), and Plaintiff must have the financial ability to retain (compensate) an officer to take responses and prepare the record, Fed. R. Civ. P. 31(b).  Plaintiff is proceeding in forma pauperis and has made no showing that he has the funds available to retain an officer to conduct the deposition by written questions.  As previously stated, Defendants have no legal duty to bear the costs or otherwise assist Plaintiff in deposing witnesses, and Plaintiff's motion for an order compelling them to do so is denied.

Based on the foregoing, Plaintiff's motion to compel, filed November 2, 2009, is HEREBY DENIED.


IT IS SO ORDERED.

**Dated:    January 25, 2010**              **/s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE