# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHA M. CARTER,<br><br>          Plaintiff,<br><br>     v.<br><br>C. MUNOZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01736-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 47) |

Plaintiff Desha M. Carter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 30, 2007. On November 23, 2009, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion for leave to file a supplemental complaint.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1    The deadline for amending the pleadings was July 9, 2009, and the Court rejected Plaintiff's
2  submission of a supplemental complaint, filed on November 6, 2009, as untimely and not supported
3  by the requisite showing of good cause needed to modify the scheduling order. Fed. R. Civ. P.
4  16(b)(4). Plaintiff seeks reconsideration on the ground that supplemental pleadings are permitted
5  under Federal Rule of Civil Procedure 15(d). Plaintiff argues that Rule 15(d) permits him to
6  supplement his claims notwithstanding the scheduling order, and that he should have the right to
7  assert new retaliation claims arising from events which occurred after this suit was filed and after
8  the amended pleadings deadline.

9    42 U.S.C. § 1997e(a) requires that prisoners exhaust the available administrative remedies
10 prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v.
11 Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). In a conflict between Federal Rule of Civil
12 Procedure 15(d) and the exhaustion requirement set forth in section 1997e(a), the rule yields to the
13 later-enacted statute to the extent of the conflict because Rule 15(d) "does not and cannot overrule
14 a substantive requirement or restriction contained in a statute (especially a subsequently enacted
15 one)." Harris v. Garner, 216 F.3d 970, 982-83 (11th Cir. 2000); see also Cox v. Mayer, 332 F.3d
16 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing Plaintiff to pursue
17 new claims based on events which occurred in 2009 would allow Plaintiff to thwart the mandate of
18 section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the
19 pendency of the suit. McKinney, 311 F.3d at 1199-1201.

20   Therefore, the untimeliness of Plaintiff's attempt to supplement aside, Plaintiff is precluded
21 from adding new claims to this action by section 1997e(a). To the extent that Defendant Munoz
22 violated Plaintiff's rights in 2009 by retaliating against him, Plaintiff's recourse is to file a separate
23 action raising those new claims.
24 ///
25 ///
26 ///
27 ///
28 ///

1  Based on the foregoing, Plaintiff's motion for reconsideration, filed November 23, 2009, is
2  HEREBY DENIED.

4  IT IS SO ORDERED.

5  **Dated:   January 25, 2010**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE