**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESHA CARTER,<br><br>        Plaintiff,<br><br>    v.<br><br>C. MUNOZ, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-01736 JLT (PC)<br><br>ORDER TO PLAINTIFF RE: TELEPHONIC TRIAL CONFIRMATION HEARING |

On December 20, 2010, Plaintiff filed his pretrial statement. (Doc. 70) In it, Plaintiff reports that he is on parole and is not permitted to travel outside of Los Angeles County. Id. Also, he reports that he is unable to pay for travel and lodging in Fresno during his trial and, seemingly, seeks to have the trial moved to Los Angeles County. Id.

Plaintiff is advised that the Court's jurisdiction is limited to the Eastern District of California which means that the Court cannot move the trial outside of the District unless Plaintiff can demonstrate a legal basis upon which a change of venue could be justified. Therefore, at the time of the telephonic trial confirmation hearing, scheduled for January 11, 2011, he is **ORDERED** to demonstrate to the Court that he has secured permission to attend his trial, which is scheduled for February 28, 2011, or have on file a motion for change of venue.

In addition, in his pretrial statement, Plaintiff indicates that he wishes to have testimony at his trial of several inmates. (Doc. 70) In doing so, he fails to outline the topics upon which the inmates are

1  expected to testify.  Id.  Likewise, he has failed to provide sufficient information to allow the Court to
2  issue writs ad testicandum.  Id.  Nevertheless, the Court has located and issued writs to inmates
3  Haygood, Perez and Porter.  The Court has been unable to locate inmate Tito Johnson.

4  Therefore, at the time of the telephonic trial confirmation hearing, Plaintiff is **ORDERED** to
5  provide Defendants a summary of the expected testimony from each of his witnesses.  Also, if Plaintiff
6  still wishes to obtain the testimony of Tito Johnson, at the time of the telephonic trial confirmation
7  hearing, he is **ORDERED** to provide a correct inmate number (the inmate number (P-67320) provided
8  in other Court filings is incorrect) and the prison location where inmate-Johnson is housed.

9  Finally, Plaintiff is advised that should he desire that the testifying-inmates wear street clothes,
10 he is responsible for arranging to have such clothing available for the inmates.  In doing so, he is
11 required to comply with all orders of the United States Marshals regarding how, when, where he
12 provides the clothing and regarding the type of clothing that he provides.

14 IT IS SO ORDERED.
15 Dated:   **December 22, 2010**                                        /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE

2